UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS EUGENE BERRY,

    Plaintiff,

v.                                           Case No. 3:20-cv-261-J-34JBT

OFC. KEITH[1] and OFC. MCKENZIE,

    Defendants.

_____

## ORDER

### I. Status

Plaintiff Thomas Eugene Berry, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on March 12, 2020, under the mailbox rule, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) under 42 U.S.C. § 1983. As Defendants, Berry sues Columbia Correctional Institution Officers Coty McKenzie and Kenneth Keith (collectively, Defendants) in their individual capacities. Complaint at 1. Berry asserts Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force. See generally id. As relief, Berry seeks from each Defendant $25,000 in monetary damages. Id. at 5.

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 11; Motion). The Court advised Berry that the granting of a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and

---

[1] The Clerk is directed to correct the spelling of Officer Keith's name in the docket caption based on the spelling defense counsel uses in her notice of appearance (Doc. 10) and the motion to dismiss (Doc. 11).

allowed him to respond to the Motion. See Order of Special Appointment; Directing Service of Process upon Defendants; Notice to Plaintiff (Doc. 6.). Berry filed his response in opposition to the Motion. See Plaintiff's Response to Defendants' Dismissal (Doc. 15; Response). Thus, Defendants' Motion is ripe for review.

## II. Berry's Allegations

In his Complaint, Berry alleges that on February 4, 2020, while housed at Columbia Correctional Institution, Defendants "sprayed [Berry] with chemical agents without [Berry] violating any F.A.C. Chap. 33 Rules [and] [b]efore giving [him] a verbal order to submit to hand restraints." Complaint at 4. Berry sates,

> I [was] on my way to an afternoon call-out when I was stopped by Ofc. K[ei]th and asked "where are you going" and I told him to my callout. He then repeated his question and I gave the same response. At this time I was about to proceed to Ofc. Kirby who was assigned to center gate to tell him I had a chapel call-out and that's when these defendants started administering chemical agents to my person. Please review all possible footage of the cameras. They don't lie.

Id. at 5. As a result of Defendants' actions, Berry asserts he now suffers from severe post-traumatic stress disorder that requires medication; he has trouble sleeping and eating; and is "hearing distant voices." Id. at 5.

## III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading

requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve

as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### IV. Defendants' Motion and Analysis

Defendants request dismissal of Berry's claims against them because Berry failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before filing the instant 42 U.S.C. § 1983 lawsuit. Motion at 4-10. Defendants are correct that the PLRA requires Berry to exhaust his available administrative remedies before pursuing a § 1983 claim about prison conditions. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) (noting that a prisoner must exhaust administrative remedies before challenging the conditions of confinement, and concluding that the PLRA demands "proper exhaustion"). Nevertheless, Berry need not "specially plead or demonstrate exhaustion in [his] complaint[]." See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized that "failure to exhaust is an affirmative defense under the PLRA[.]" Id.

---

[2] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

Importantly, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones, 549 U.S. at 211. The Supreme Court has instructed that while "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford, 548 U.S. at 101, "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies of the institution. Woodford, 548 U.S. at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

Id. at 90 (citation omitted). Indeed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Id.

Because failure to exhaust administrative remedies is an affirmative defense, Defendants bear "the burden of proving that [Berry] has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The Eleventh Circuit has articulated a two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in

5

> the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015).

State law "determines what steps are required to exhaust." Dimanche v. Brown, 783 F.3d 1204, 1207 (11th Cir. 2015); see also Jones, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The FDOC provides inmates with a three-step grievance process for exhausting administrative remedies. As the Eleventh Circuit has described it:

> The grievance procedure applicable to Florida prisoners is set out in § 33-103 of the Florida Administrative Code. Section 33-103 contemplates a three-step sequential grievance procedure: (1) informal grievance; (2) formal grievance; and then (3) administrative appeal. Dimanche, 783 F.3d at 1211. Informal grievances are handled by the staff member responsible for the particular area of the problem at the institution; formal grievances are handled by the warden of the institution; and administrative appeals are handled by the Office of the Secretary of the FDOC. See Fla. Admin. Code. §§ 33-103.005–103.007. To exhaust these remedies, prisoners ordinarily must complete these steps in order and within the time limits set forth in § 33-103.011, and must either receive a response or wait a certain period of time before proceeding to the next step. See id. § 33-103.011(4).

Pavao, 679 F. App'x at 824.

Here, Defendants argue Berry did not exhaust his administrative remedies because he failed to complete the third step of the FDOC's grievance process before initiating this action. Motion at 9. Specifically, they allege Berry filed his Complaint on the

same day that he filed his administrative appeal to the Secretary, and thus, he did not wait the required response time before seeking relief with the Court. Id. at 9. In support of their claim, Defendants attach to their Motion a series of administrative grievances and responses. See generally Doc. 11-1. They provide a formal grievance that Berry submitted to the FDOC on February 25, 2020 (id. at 4); the warden's March 4, 2020, denial of that formal grievance (id. at 3; log # 2002-251-130); the administrative appeal that Berry submitted to the Secretary on March 16, 2020 (id. at 2; log # 20-6-09338); and the Secretary's March 26, 2020, denial of that appeal (id. at 1).

In response, Berry asserts he did exhaust his available administrative remedies. Response at 2. He argues in pertinent part:

> 1. On 2/9 [he] filed his informal grievance to the Colonel.
>
> 2. On 2/11 after the D.R. hearing [he] appeal[]ed to the warden.
>
> 3. Then about a month later [he] filed his last and final grievance to the Secretary of D.O.C.

Id. at 2. Further, Berry attaches to his Complaint an informal grievance (Doc. 1-1; log # 257-2002-0082) that he submitted to the FDOC on February 9, 2020, and a formal grievance (Doc. 1-2; log # 2002-251-053) that he submitted to the warden on February 11, 2020.

Accepting Berry's view of the facts as true, the Court finds dismissal of the claims against Defendants for lack of exhaustion is not warranted at the first step of Turner. Thus, the Court proceeds to the second step of the two-part process where the Court considers Defendants' arguments about exhaustion and makes findings of fact.

Defendants do not appear to challenge Berry's alleged efforts to complete the first two steps of the FDOC's three-step grievance process. <u>See generally</u> Motion. Rather, their exhaustion argument is wholly based on the date Berry filed the administrative appeal (log # 20-6-09338) – March 16, 2020 – because that is the same date that the Clerk filed the Complaint with the Court.[3] However, the administrative appeal (log # 20-6-09338) that Berry submitted on March 16, 2020, has nothing to do with Defendants' alleged February 4, 2020, use of force or Berry's current Eighth Amendment claims involving Defendants. Instead, after a thorough reading of these grievances, the Court finds that all the grievances Defendants cite to support their exhaustion argument, including the subject administrative appeal (log # 20-6-09338), involve an unrelated and distinct event that occurred on February 13, 2020, between Berry and "Officer C. Butcher." <u>See generally</u> Doc. 11-1. As such, these grievances do not demonstrate that Berry failed to complete the three-step grievance process before filing the Complaint.

Further, contrary to the record evidence on which Defendants rely, the informal and formal grievances Berry attached to his Complaint do contain claims involving Defendants' alleged February 4, 2020, use of force. <u>See</u> Docs. 1-1; 1-2. Defendants, however, fail to even acknowledge those grievances or refute Berry's allegation that he filed an appeal involving the February 4, 2020, incident at a later date. <u>See</u> Response at 2. Defendants have failed to carry the burden of proving that Berry failed to exhaust. Because Defendants have failed to satisfy their burden, the Motion is due to be denied. If Defendants can obtain the relevant grievances or establish by reference to other

---

[3] Under the mailbox rule, the Complaint was filed on March 12, 2020. <u>See</u> Complaint at 1.

8

documentation obtained from the FDOC that Berry failed to exhaust, they may move to dismiss based solely on exhaustion by January 25, 2021.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11) is **DENIED**.

2. If Defendants can obtain other documentation from the FDOC showing Berry failed to exhaust, they may file a motion to dismiss based solely on exhaustion by **January 25, 2021**. Otherwise, Defendants shall file an answer to the Complaint by **January 25, 2021**.

3. If Defendants file a motion to dismiss, Berry has **45 days** to respond.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of December, 2020.

*[Signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Thomas Eugene Berry, #TO9514
Lindsey Miller-Hailey, Esq.