## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

THOMAS EUGENE BERRY,

    Plaintiff,

v.

Case No. 3:20-cv-261-MMH-JBT

OFC. KEITH and OFC. MCKENZIE,

    Defendants.

## **ORDER**

### I. Status

Plaintiff Thomas Eugene Berry, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on March 12, 2020, under the mailbox rule, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) pursuant to 42 U.S.C. § 1983. As Defendants, Berry sues Columbia Correctional Institution Officers Coty McKenzie and Kenneth Keith (collectively, Defendants) in their individual capacities. Complaint at 1. Berry asserts Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force on him. See generally id. As relief, Berry seeks $25,000 from each Defendant. Id. at 5.

Defendants' previously moved to dismiss the Complaint, arguing that Berry failed to exhaust his administrative remedies. Doc. 11. The Court denied that motion, but advised Defendants that "if [they] can obtain the relevant grievances or establish by reference to other documentation obtained from the FDOC that Berry failed to exhaust," they may renew the motion to dismiss based on exhaustion. See Order (Doc. 17).

Before the Court is Defendants' Amended Motion to Dismiss. See Defendants' Amended Motion to Dismiss Plaintiff's Complaint (Doc. 18; Amended Motion). The Court advised Berry that the granting of a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and allowed him to respond to the Amended Motion. See Order of Special Appointment; Directing Service of Process upon Defendants; Notice to Plaintiff (Doc. 6.); see also Doc. 17 at 9. Berry filed his response in opposition to the Amended Motion. See Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 19; Response). Defendants' Amended Motion is ripe for review.

## II. Berry's Allegations

In his Complaint, Berry alleges that on February 4, 2020, while housed at Columbia Correctional Institution, Defendants "sprayed [Berry] with chemical agents without [Berry] violating any F.A.C. Chap. 33 Rules [and]

[b]efore giving [him] a verbal order to submit to hand restraints." Complaint at 4. Berry sates,

> I [was] on my way to an afternoon call-out when I was stopped by Ofc. K[ei]th and asked "where are you going" and I told him to my callout. He then repeated his question and I gave the same response. At this time I was about to proceed to Ofc. Kirby who was assigned to center gate to tell him I had a chapel call-out and that's when these defendants started administering chemical agents to my person. Please review all possible footage of the cameras. They don't lie.

Id. at 5. He contends that Defendants violated his rights under the Eighth Amendment's prohibition against cruel and unusual punishment. Id. at 3. As a result of Defendants' actions, Berry asserts he now suffers from severe post-traumatic stress disorder that requires medication; he has trouble sleeping and eating; and is "hearing distant voices." Id. at 5.

### III. Summary of Parties' Positions on Exhaustion

Defendants request dismissal of Berry's claims against them because Berry failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before filing the instant 42 U.S.C. § 1983 lawsuit. Amended Motion at 3-7. Defendants assert that Berry did not exhaust his administrative remedies because he failed to complete the third step of the FDOC's grievance process before initiating this action. Amended Motion at 9. Specifically, they allege that in his Complaint, Berry admits he filed this lawsuit before he received a response to his administrative appeal. Id. at 7.

They also argue that Berry filed his Complaint on the same day that he filed his administrative appeal, and thus, he did not wait the required response time before seeking relief with the Court. Id. at 7.

In the alternative, Defendants argue that "even if [Berry] had waited the required time to properly exhaust before filing the instant [C]omplaint, the grievances refer only to the disciplinary report at issue in this case, not an excessive use of force claim." Id. at n.4. In support of their Amended Motion, Defendants provide a formal grievance, an administrative appeal, and the department's respective responses.

First, Defendants provide Berry's February 11, 2020 formal grievance (log # 2002-251-053)[1], which states the following in pertinent part:

> This is an appeal to D.R. Log #251-200143. On 2/11/20 I was found guilty for allegedly violating FAC Chap. 33-601314(6-1) based on the foregoing facts. I am respectfully asking that the teams finding of guilt be vacated and that the D.R. be removed from my file. Facts: on 2/4/20 while walking through center gate in route to a chapel call-out I was stopped by Ofc. Keith who asked me where I was going. I advised Ofc. Keith that I was reporting to my call-out. I then proceed to speak with Ofc. Kirby who was assigned to center gate post. At this time Ofc. Keith and McKenzie began to spray me with chemical agents for reasons unknown. In the D.R. I received[,] Ofc. Keith alleged, albeit falsely, that he had given me a verbal order to submit

---

[1] The copy of this formal grievance that Defendants attach to their Amended Motion lacks the log # (Doc. 18-1 at 5), but Berry provides other copies of the same formal grievance that contain the designated log # 2002-251-053 (Doc. 1-2 at 2; Doc. 19-1 at 3).

4

> to hand restraints and that I had refused however even though the disciplinary team found me guilty, the procedural errors in the writing of the D.R. is enough to overturn the teams finding and vacate the D.R. (1) In the D.R. it was alleged by Ofc. Keith that I was given a verbal order to "cuff up" and that I simply refused. . . . In his D.R. Ofc. Keith failed to provide any specific as to "why" I was being given an order to "cuff up" or what I had done wrong to initiate such an order. . . . [I]t should be noted that no other report was written alleging any other rule violations concerning the alleged incident. (2) additionally, Ofc. Keith never stated in the D.R. why he was at center gate even though he was assigned as P-Dorm housing supervisor. Furthermore, even though two other ofc's were present (ofc. Kirby and McKenzie) and McKenzie was even involved in the incident, their names are not mentioned in the D.R. which is contrary to the provisions of FAC Chap. 33-601.304. . . . I am respectfully asking that this D.R. be overturned and removed from my file. . . .

Doc. 18-1. On February 18, 2020, the warden denied Berry's formal grievance as follows:

> Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated. Per the Inmate Handbook In the General Institutional Rules Section it states in part, "1. Inmates are required to comply with all applicable provisions of Institutional Operating Procedures, Department of Corrections Policy and Procedure Directives, and Rules of the Department of Corrections, as well as any verbal or written order from any staff member or other assigned supervisor". You were given a lawful, verbal command by Officer K. Keith and you refused to comply. Therefore, your formal grievance is denied. Based on the foregoing, your request for administrative remedy is denied. . . .

Doc. 18-1 at 4.

Defendants also attach Berry's February 19, 2020 administrative appeal (log # 20-6-07747), which provides the following:

> This [is] an appeal to formal grievance log # 2002-251-053, attached.
>
> The facts stated on the formal grievance are re-stated, re-adopted and incorporated by reference as attached . . . .

Id. at 3. On March 10, 2020, the Secretary denied Berry's appeal (log # 20-6-07747), explaining the following:

> Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.
>
> You have not presented sufficient evidence or information to warrant overturning the disciplinary report.
>
> Upon review, all pertinent information for a clear understanding of the charges (6-1) is presented within the report.
>
> Furthermore, there is no requirement to list any and/or all witnesses within the statement of facts. Therefore, it is the [sic] responsibility to request for any witnesses.
>
> You have not presented any evidence to substantiate your claim that the reporting officer furnished false information in his/her statement of facts.

> Other than explaining your guilt, you have not provided this office with any new information or mitigating factors not otherwise available to or known by the disciplinary team at the time of their review and action in connection with the rule infraction in question.
>
> Your administrative appeal is denied.

Id. at 2.

In his Response, Berry argues that he completed the three-step grievance process to fully exhaust his administrative remedies before filing suit. Response at 1-2. In support of that assertion, he argues that he filed an informal grievance (log # 257-2002-0082) on February 9, 2020. Doc. 19-1 at 2. In that informal grievance, Berry stated the following:

> I am claiming intentional misconduct on Ofc. Keith, KKMII who has recently used a use of force on me with Ofc. McKenzie on 2/4/20 at the center gate (poppa dormside) around 13:40 hrs. as I was reporting to a chapel call-out. This has really caused me a very high level of post traumatic stress disorder because I don't really know the next staff member who may do the same as he did. He never submitted, indicated, or said in his report the rule or rules of the D.O.C. that I had violated or any unusual behavior I may have had for his reason to ask me to submit to hand restraints that is clearly unknown. Please review the camera before making your decision.

Doc. 19-1 at 2; see also Doc. 1-1 at 1. On February 19, 2020, officials denied the informal grievance, stating, "this use of force was reported and documented." Doc. 19-1 at 2.

7

Then relying on the same formal grievance and appeal that Defendants provided, Berry argues that he completed the three-step grievance process. See Doc. 19-1. He asserts that on February 11, 2020, he filed "his second grievance to the warden and it was logged as 2002-251-053." Response at 1. The warden denied that grievance (log # 2002-251-053) on February 18, 2020. Id. Finally, Berry argues that on February 19, 2020, he filed "his final grievance to the Secretary" who "logged it as 20-6-07747." Id.; see also Doc. 19-1 at 3-6. According to Berry, the Secretary denied his final grievance on March 10, 2020. Response at 1. Berry filed the Complaint two days later, on March 12, 2020. Complaint at 1.

## IV. Analysis

The PLRA requires Berry to exhaust his available administrative remedies before pursuing a § 1983 claim about prison conditions. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) (noting that a prisoner must exhaust administrative remedies before challenging the conditions of confinement, and concluding that the PLRA demands "proper exhaustion"). Nevertheless, Berry need not "specially plead or demonstrate exhaustion in [his] complaint[]." See Jones v. Bock, 549 U.S. 199, 216 (2007).

Instead, the United States Supreme Court has recognized that "failure to exhaust is an affirmative defense under the PLRA[.]" Id.

Importantly, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones, 549 U.S. at 211. The Supreme Court has instructed that while "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford, 548 U.S. at 101, "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies of the institution. Woodford, 548 U.S. at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

Id. at 90 (citation omitted). Indeed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Id.

9

Because failure to exhaust administrative remedies is an affirmative defense, Defendants bear "the burden of proving that [Berry] has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The Eleventh Circuit has articulated a two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015).

State law "determines what steps are required to exhaust." Dimanche v. Brown, 783 F.3d 1204, 1207 (11th Cir. 2015); see also Jones, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The FDOC provides inmates with a three-step grievance process for exhausting administrative remedies. As the Eleventh Circuit has described it:

10

> The grievance procedure applicable to Florida prisoners is set out in § 33-103 of the Florida Administrative Code. Section 33-103 contemplates a three-step sequential grievance procedure: (1) informal grievance; (2) formal grievance; and then (3) administrative appeal. Dimanche, 783 F.3d at 1211. Informal grievances are handled by the staff member responsible for the particular area of the problem at the institution; formal grievances are handled by the warden of the institution; and administrative appeals are handled by the Office of the Secretary of the FDOC. See Fla. Admin. Code. §§ 33-103.005–103.007. To exhaust these remedies, prisoners ordinarily must complete these steps in order and within the time limits set forth in § 33-103.011, and must either receive a response or wait a certain period of time before proceeding to the next step. See id. § 33-103.011(4).

Pavao, 679 F. App'x at 824.

Because the factual allegations in Berry's Response conflict with Defendants' factual allegations, the Court, accepting Berry's view of the facts as true, finds dismissal of the claims against Defendants for lack of exhaustion is not warranted at the first step of Turner. Thus, the Court will proceed to Turner's second step and make specific findings to resolve the disputed factual issues related to exhaustion.

First, Defendants argue that Berry failed to exhaust his administrative remedies because Berry filed the Complaint before he received a response to the administrative appeal (log # 20-6-07747) or before the response time expired. Amended Motion at 7. The Court rejects Defendants' argument.

Indeed, on March 10, 2020, the Secretary denied the administrative appeal (log # 20-6-07747) and in his Response, Berry alleges that the denial was returned to him on that day.[2] Doc. 18-1 at 2; Response at 1. Berry filed the Complaint two days later on March 12, 2020.

Second, Defendants argue that "even if [Berry] waited the required time to properly exhaust before filing the instant [C]omplaint, the grievances refer only to the disciplinary report at issue in this case, not an excessive use of force claim."[3] Amended Motion at 7 n.4. This Court agrees. Only the February 9, 2020 informal grievance (log # 257-2002-0082) relates to the Eighth Amendment claim against Defendants. Doc. 1-1 at 1at 1; Doc. 19-1 at 2. And the record demonstrates that Berry did not adequately pursue his administrative remedies regarding that Eighth Amendment claim in the formal grievance (log # 2002-251-053) and the administrative appeal (log # 20-6-07747) that he filed thereafter. To that end, the Court highlights two procedural and substantive facts that show Berry's failure to exhaust.

---

[2] The Court notes that while the Secretary's denial of administrative appeal (log # 20-6-07747) also contains a stamp date of March 13, 2020, Defendants do not argue that Berry received the denial on March 13, 2020, nor do they otherwise counter Berry's argument that the denial was returned to him on March 10, 2020.

[3] The only claim that Berry raises in his Complaint is the Eighth Amendment excessive force claim involving the February 4, 2020 use of chemical agents. See generally Complaint.

First, Berry submitted formal grievance (log # 2002-251-053) on February 11, 2020, eight days <u>before</u> the department denied his informal grievance (log # 257-2002-0082). Second, and likely of more import, the formal grievance (log # 2002-251-053) and the administrative appeal (log # 20-6-07747) involved a February 11, 2020 disciplinary report that Berry sought to overturn. Although the formal grievance (log # 2002-251-053) references the February 4, 2020 alleged use of force, it is evident from Berry's request for relief therein that he was asking prison officials to investigate his disciplinary report proceedings. <u>See</u> Doc. 19-1 at 3. It is also evident from the institutional response that prison officials did not interpret Berry's formal grievance as a complaint about excessive force or an Eighth Amendment violation, but as a grievance challenging the alleged false disciplinary report and unfair disciplinary proceedings. Further, Berry's administrative appeal (log # 20-6-07747) focused solely on the allegations stated in his formal grievance (log # 2002-251-053), and the Secretary's denial of the appeal states Berry failed to "present sufficient evidence or information to warrant overturning the disciplinary report." Doc. 18-1 at 2-3.

The purpose of the grievance procedure and exhaustion requirement is to alert prison officials to problems and allow prison officials time and opportunity to address complaints internally before seeking judicial intervention. <u>Woodford</u>, 548 U.S. at 93; <u>see also</u> <u>Jones</u>, 549 U.S. at 219 (noting

13

that the primary purpose of the exhaustion requirement is "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued"). Neither Berry's formal grievance nor his grievance appeal asked prison officials to look into the alleged use of excessive force but instead requested that his "D.R. be overturned and removed from" his file. For these reasons, Berry has not properly exhausted his Eighth Amendment claims against Defendants. As such, Defendants' Amended Motion is due to be granted and this case is dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Defendants' Amended Motion to Dismiss Plaintiff's Complaint (Doc. 18) is **GRANTED**.

2. The claims against Defendants Coty McKenzie and Kenneth Keith are **DISMISSED without prejudice.**

3. Berry's Motion for Permission to Amend Complaint (Doc. 25) is **DENIED**. He seeks to amend his underlying excessive force claims to add allegations regarding his physical injury; however, his proposed amendment would not cure his failure to exhaust those claims.

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Thomas Eugene Berry, #TO9514
Lindsey Miller-Hailey, Esq.